Parsons, C. J.
The extreme cruelty in the statute means personal violence, and answers to the ssevitia of the civil law. A mere neglect to provide a support for his family, however immoral and unworthy, is not a sufficient cause for a divorce (1).
The Court dismissed the libel.

 [Hill vs. Hill, 2 Mass. 150.—Sed quiere de hoc. Every thing is scemtia which tends to bodily harm, and in that manner renders cohabitation unsafe.—Holden vs. Holden, 1 Hag. Eccles. R. 458.—The definition of legal cruelty is that which may endanger the life or health of the party.—Waring vs. Waring, 2 Phill. 132,133.—It may be without actual violence.—Hulme vs. Hulme, 2 Ad. 27.—Otway vs. Otway, 2 Phil. 95.—But there must be a reasonable apprehension of bodily hurt.—Evans vs. Evans, 1 Hagg. 39, 40.—Words of menace, accompanied with probable danger of bodily harm, will constitute crueltj'.—Daguillar vs. Daguillar, 1 Hagg. 775.—Oliver vs. Oliver, 1 Hagg. 364.—Kirkman vs. Kirkman, 1 Hagg. 409.—It may be enough if the words inflict indignity, and threaten pain.—Kirkman vs. Kirkman, ub. sup.; but there must be a reasonable apprehension of injury to the person or health of the party resulting therefrom.—Harris vs. Harris, 2 Hagg. C. R. 148, 149, S. G. 2 Phill. Ill; and see Perkins vs. Perkins, 6 Mass. 69; and when this is the case, it is not material whether they be addressed to the party, or to a third person.—Daguillar vs. Daguillar, 1 Hagg. R. 776.—A husband’s attempt to debauch his own woman-servant is a strong act of cruelty.—Durant vs. Durant, 1 Hagg. 768__Cruelty may be relative, and depend on the age, habits, &c., of the party.—Daguillar vs. Daguillar, 1 Hagg. R. 782.—The complaint generally proceeds from the wife, as the weaker person; but it may, accord ing to the ecclesiastical law, come from the man, and has so done in several cases. —Sir John Nichols in Waring vs. Waring, 2 Phill. 132,133.—Ed.]